UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
STEPHANIE BUCALO,

                Plaintiff(s),              **ORDER**
                                               CV 04-3187  (DRH) (WDW)

       -against-

SHELTER ISLAND U.F.S.D.,

                Defendant(s).
--------------------------------------------------------X

**WALL, Magistrate Judge:**

Before the court is defendant's letter application dated March 2, 2006, seeking an order directing plaintiff to answer deposition questions regarding whether she "commenced litigation alleging discrimination against any of the other school districts that she applied to."  See deJong ltr., Docket Entry #23.  In opposition dated March 3, 2006, plaintiff argues that this information is irrelevant, and that the question seeks to harass and oppress plaintiff.  Defendant's motion is granted for the following reasons.

A deponent may be instructed not to answer "only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30 (d)(4)."  Fed. R. Civ. P. 30 (d)(1).  The grounds for a motion under Rule 30 (d)(4) are limited to an examination "being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party."  Fed R. Civ. P. 30 (d)(4).  In the absence of any privilege and despite plaintiff's assertion that the question seeks to harass and oppress her, the court finds that the instruction not to answer was improper.

Plaintiff further argues that use of the information sought would violate Fed. R. Evid. 403 and 404, and thus "is, by definition, irrelevant."  As counsel should be well aware, the

information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26 (b)(1).  This rule must be interpreted in line with the general purpose of discovery, which is to "provide both parties with information essential to proper litigation of all the facts."  *Sackman v. Liggett Group, Inc.,* 173 F.R.D. 358, 361 (E.D.N.Y. 1997)(quoting *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.,* 58 F.R.D. 348, 353 (S.D.N.Y. 1973)(citation omitted)).  The court finds that the information sought is discoverable in that it is reasonably calculated to lead to the discovery of admissible evidence.

Dated: Central Islip, New York          **SO ORDERED:**
       March 10, 2006


                          /s/ William D. Wall
                         WILLIAM D. WALL
                         United States Magistrate Judge