```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
STEPHANIE BUCALO,
```

                    Plaintiff,                  **MEMORANDUM AND ORDER**
                                                         04-CV-3187 (DRH) (WDW)

        - against -

SHELTER ISLAND UNION FREE SCHOOL
DISTRICT,

                    Defendant.
----------------------------------------------------------X

**A P P E A R A N C E S :**

**BERNBACH LAW FIRM PLLC**
Attorneys for Plaintiff
245 Main Street, 5th Floor
White Plains, New York 10601
By: Jason Bernbach, Esq.
     Jeffrey M. Bernbach, Esq.

**DEVITT SPELLMAN BARRETT, LLP**
Attorneys for Defendant
50 Route 111
Smithtown, New York 11787
By: Jelte deJong, Esq.

**HURLEY, District Judge:**

        Plaintiff Stephanie Bucalo ("Plaintiff") filed the present action against defendant Shelter Island Union Free School District ("Defendant" or the "District") for violations of the Age Discrimination in Employment Act (the "ADEA"), Title VII, and the New York State Human Rights Law ("NYSHRL"), claiming that she was discriminated against on the basis of her age and in retaliation for her filing of a claim of discrimination with the Equal Employment Opportunity Commission ("EEOC"). By Memorandum of Decision and Order dated February 1, 2007, the Court denied both Plaintiff's and Defendant's motions for summary judgment. Plaintiff now moves for reconsideration. For the reasons that follow, Plaintiff's motion is

denied.

## BACKGROUND

The background of this case is set forth in the February 1, 2007 Order, familiarity with which is assumed. Thus, the Court will only state the facts necessary for disposition of the instant motion.

In July 1999, Plaintiff applied for a school librarian position with the District. She was interviewed by then Superintendent Gilbert DeCicco who declined to hire her. She subsequently filed a charge of age and sex discrimination against the District with the EEOC but did not file a lawsuit arising out of this incident.

Thereafter, in May 2003, Plaintiff reapplied for the same position. She was 46 years old. Of the twelve candidates who applied, Kenneth Lanier ("Lanier"), the District's new Superintendent, selected four candidates to receive interviews; Plaintiff was not chosen. Both parties agree that Lanier was the sole decision maker in this regard. The four finalists were interviewed by a six-person committee, including Lanier. The position was ultimately offered to Christina Chrabolowski, a 32-year old female.

Plaintiff initiated the present lawsuit on July 27, 2004, alleging discrimination based on her age and retaliation based on her initial EEOC complaint. In February 2005, Defendant noticed Lanier for a videotaped deposition. Lanier responded that he was too ill with Lou Gehrig's disease to be deposed. However, on March 16, 2005, Lanier provided Defendant with an affidavit wherein he advanced his rationale for not granting Plaintiff an interview and explained why the District ultimately decided to hire Ms. Chrabolowski. On June 21, 2005, Lanier produced a second affidavit wherein he affirmed the statements made in his previous

affidavit and asserted that his health was deteriorating rapidly. Approximately six weeks later, on August 7, 2005, Lanier passed away.

Thereafter, both Plaintiff and Defendant moved for summary judgment. By Memorandum of Decision and Order dated February 1, 2007, the Court denied both motions. Plaintiff now moves for reconsideration. For the reasons stated below, Plaintiff's motion is denied.

## DISCUSSION

**I.** *Applicable Legal Standard for Reargument*

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Thus, a "party may not advance new facts, issues, or arguments not previously presented to the Court." *Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1

(S.D.N.Y. Jan. 18, 2000).

## II. *Plaintiff's Motion for Reconsideration is Denied*

### A. *The February 1, 2007 Order*

In the February 1, 2007 Order, the Court found that Plaintiff had met her burden of production by establishing a prima facie case of discrimination and retaliation. At this point, the burden of production shifted to the District to articulate a legitimate, nondiscriminatory reason for its actions. Plaintiff argued that the District was unable to meet this burden because Lanier, the sole decision maker behind Plaintiff's 2003 rejection, was deceased. Plaintiff further contended that Lanier's two affidavits were inadmissible and, thus, could not be considered by the Court on a summary judgment motion. Defendant countered generally that the affidavits were admissible because they were based on personal knowledge but failed to address the fact that the affidavits were hearsay due to Lanier's inability to testify.

The Court noted that "[i]n opposing [Plaintiff's] motion [for summary judgment], it was incumbent upon Defendant to argue for the affidavits' admissibility." (Feb. 1, 2007 Mem. of Decision and Order at 12) (citing *U.S. v. Pugliese*, 712 F.2d F.2d 1574, 1580 (2d Cir. 1983).) Although Defendant could have argued that the affidavits were admissible under the residual hearsay exception under Federal Rule of Evidence 807, Defendant wholly failed to do so.[1] (*Id.*) Nonetheless, the Court found that it need not resolve the admissibility of the Lanier affidavits

---

[1] Federal Rule of Evidence 807 provides that "a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant." Fed. R. Evid. 807; *see also Rotolo v. Digital Equip. Corp.*, 150 F.3d 223, 225 (2d Cir. 1998) (finding Rule 807 inapplicable "because the advance notice of intent to use required by that section was not given").

because "[e]ven assuming arguendo that the Lanier affidavits are inadmissible, and assuming further that Defendant cannot meet its burden of production via circumstantial evidence, there are still genuine issues of material fact for the jury to resolve regarding Plaintiff's evidence as it pertains to her prima facie case." (Feb. 1, 2007 Mem. of Decision and Order at 13.) The Court cited *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-253 (1981), where the Supreme Court stated:

> Establishment of the prima facie case in effect creates a presumption that the employer unlawfully discriminated against the employee. *If the trier of fact believes the plaintiff's evidence*, and if the employer is silent in the face of the presumption, the court must enter judgment for the plaintiff because no issue of fact remains in the case.

450 U.S. at 254 (emphasis added).[2] Thus, the Court found "establishment of a prima facie case does not necessarily require entry of a directed verdict for the plaintiff in all cases." (Feb. 1, 2007 Mem. of Decision and Order at 13.) Because there were questions of fact as to Plaintiff's prima facie case of age discrimination and retaliation, Plaintiff's motion for summary judgment was denied.

B.  *Plaintiff Does Not Meet the Standard for Reargument*

In moving for reconsideration, Plaintiff argues that the Court erred in finding that that there existed a question of fact as to the fourth prong of Plaintiff's prima facie case of age discrimination, viz. whether Defendant acted under circumstances giving rise to an inference of

---

[2] This sentiment is echoed in *James N.Y. Racing Ass'n*, 233 F.3d 149 (2d Cir. 2000), where the Second Circuit noted that "[i]f the defendant fails to discharge [its] burden by presenting a nondiscriminatory reason, the plaintiff will prevail *(assuming the other aspects of the prima facie case are not contested)*." *Id.* at 153-54 (citations and internal quotation marks omitted) (emphasis added).

discrimination. After reviewing Plaintiff's arguments made in support of the instant motion, the Court finds that they are a mere rehashing of the same arguments she made unsuccessfully in support of her motion for summary judgment.[3] Having failed to show that the Court overlooked something, made a clear error or committed a manifest injustice, Plaintiff's motion for reargument is denied.[4]

---

[3] Plaintiff argues, inter alia, that the fact that Lanier selected Patricia Wolbert to interview -- a 53-year old woman whose age was not readily apparent from her resume -- does not "foreclose conclusive establishment of" Plaintiff's prima facie case. (Pl.'s Mem. at 11.) To support this proposition, Plaintiff cites *Graham v. Long Island R.R.*, 230 F.3d 34, 43 (2d Cir. 2000), a case not mentioned in her original papers, for the proposition that "an employer may not escape liability for discriminating against a given employee on the basis of race simply because it can prove it treated other members of the employee's group favorably." Plaintiff's reliance on *Graham* is misplaced. In *Graham*, the Second Circuit found that defendant's evidence that it treated a black employee more favorably than the African-American plaintiff, "even if it were true, . . . would be insufficient to sustain summary judgment for [the defendant]." *Id.* at 44. Rather, the defendant's "proof . . . serve[d] only to create a question of fact." *Id.* Thus, *Graham's* denial of judgment to the defendant does not support Plaintiff's position that *she* is entitled to judgment as a matter of law. Instead, as in *Graham*, Defendant's evidence regarding Lanier's selection of a 53-year old to interview for the librarian position creates a question of fact for the jury.

[4] Even assuming Plaintiff had conclusively established her prima facie case, and assuming further that the Lanier affidavits were inadmissible, Defendant argues that it can meet its burden of articulating a legitimate non-discriminatory reason for its actions via a comparison of Plaintiff's resume with those of the selected candidates. (*See* Def.'s Mem. in Opp'n at 11 ("A review of [Plaintiff's] resume alone supports [Lanier's] determination that [Plaintiff] was not the best candidate for the position.") Plaintiff counters generally that "the only individual competent to identify the reason" Plaintiff was not selected for an interview is Lanier. (Pl.'s Reply Mem. at 10.) Neither party proffers any authority in support of their respective positions. The Court's preliminary research has revealed that Defendant's proffer of documentary evidence tending to show the superiority of the selected interviewees over Plaintiff may indeed be admissible to establish Defendant's motive. *See Holt v. KMI-Cont'l, Inc.*, 95 F.3d 123, 130 (2d Cir. 1996) (finding that "evidence that defendant filled these . . . positions with white applicants who were more qualified than plaintiff rebuts any presumption of discrimination"); *Morley v. County of Union*, No. 79-2909, 1984 WL 48888 (Apr. 4, 1984) ("Defendant in this case has met [its] burden [of production] by offering testimony *and documentary evidence* establishing the superiority of Cooper's qualifications over [Plaintiff's]") (emphasis added), *aff'd without*

## *CONCLUSION*

For all of the above reasons, Plaintiff's motion for reconsideration is denied. The parties are referred to U.S. Magistrate Judge William D. Wall for discovery.

**SO ORDERED.**

Dated: September 13, 2007
      Central Islip, New York

/s_____
Denis R. Hurley,
United States District Judge

---

*opinion*, 760 F.3d 259 (3d Cir. 1985). However, the Court need not resolve this issue at this juncture.